UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3413 PSG (PLAx) | Date | October 29, 2018 |
|---|---|---|---|
| Title | Payne v. Manilow et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**   **The Court GRANTS Defendants' motion to dismiss**

Before the Court is Defendants Barry Manilow, Barry Manilow Productions, Stiletto Entertainment, Garry C. Kief, and Judy Garland Heirs' Trust's ("Defendants") motion to dismiss. *See* Dkt. # 31 ("*Mot.*"). Plaintiff Darryl Payne ("Plaintiff") opposed, *see* Dkt. # 32 ("*Opp.*"), and Defendants replied, *see* Dkt. # 38 ("*Reply*"). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving, opposing, and reply papers, the Court **GRANTS** Defendants' motion to dismiss.

I.  Background

Defendant Barry Manilow is a world-renowned composer, singer, and recording artist. *Third Amended Complaint*, Dkt. # 35 ("*TAC*"), ¶ 16. In 2014, Defendant Manilow created a sound recording for an album entitled "My Dream Duets" that incorporated an audio track of Judy Garland's singing "Zing! Went the Strings of my Heart" from the Judy Garland Show ("Show") that aired in the 1960's. *Id.* ¶ 49. In connection with the promotion of the album, Defendants allegedly incorporated portions of the Show into a promotional video for the album. *Id.* Further, Defendants allegedly projected clips of the Show during Manilow's concert performances to make it appear as though Manilow was singing a duet with Garland (who died in 1969). *Id.* ¶ 52.

Plaintiff Darryl Payne is an award-winning music producer. *Id.* ¶ 15. He alleges that he owns the copyrights for the Show and that Defendant Barry Manilow, along with the other Defendants, infringed on his copyrights. *Id.* ¶¶ 15, 49–56. He also alleges the following with respect to the copyrights' chain of title.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3413 PSG (PLAx) | Date | October 29, 2018 |
|---|---|---|---|
| Title | Payne v. Manilow et al. | | |

    In or about 1962, CBS Television Network entered into a contract with Kingsrow Enterprises, Inc. ("Kingsrow), Judy Garland's wholly owned company, to produce the Show. *Id.* ¶ 33.  As a result, twenty-six one-hour episodes of the Show were produced. *Id.*  After the show was cancelled in 1964, Sidney Luft ("Luft"), the husband of Judy Garland, acquired an ownership interest in Kingsrow and the Show. *Id.* ¶ 34.  Further, Kingsrow subsequently transferred the copyrights for the Show to Luft. *Id.*

    On July 1, 1997, Luft and Kingsrow transferred all of Show's copyrights to Luft's company, Celebrity Music Company Inc. ("Celebrity Music"). *Id.* ¶ 36.  On July 7, 1997, Celebrity Music sold all of its interest in the show with respect to the territory of the United States to Classic World Inc. ("Classic World"), a company wholly owned and controlled by Plaintiff. *Id.*

    Classic World later entered into an agreement to sell its rights to the Show to Cakewalk Productions, Inc. ("Cakewalk"). *Id.* ¶ 37.  In the meantime, Luft attempted to rescind the sale to Classic World and litigation ensued among Celebrity Music, Plaintiff, Classic World, and Cakewalk. *Id.* ¶ 38.  As a result, Luft's complaint was dismissed with prejudice, Classic World retained the rights to the audio and visual elements of the Show, and Cakewalk retained the rights to the audio-only tracks. *Id.* ¶¶ 39–43.

    In 2005, Classic World filed for bankruptcy, and in 2006, Plaintiff filed for personal bankruptcy. *Id.* ¶ 45.  On August 19, 2008, the bankruptcy trustee for Classic World was ordered to abandon all of the company's assets, including the copyrights for the Show. *Id.* ¶ 46.  And on May 8, 2009, the bankruptcy trustee for Plaintiff was ordered to abandon in favor of Plaintiff all of his stocks in Classic World. *Id.* ¶ 47.  Finally, on May 9, 2009, Classic World assigned all of its assets to Plaintiff. *Id.* ¶ 48.  Therefore, Plaintiff alleges he personally owns the Show's copyrights in the United States, except for the audio-only tracks. *Id.*

    On April 24, 2018, Plaintiff filed this case against Defendants Barry Manilow, Barry Manilow Productions ("Manilow Productions"), Stiletto Entertainment ("Stiletto"), Garry C. Kief, and the Judy Garland Heirs' Trust ("the Trust"). *See* Dkt. # 1.  Plaintiff has subsequently amended his complaint multiple times, adding to the suit Defendants AEG Live, LLC ("AEG Live"), AEG Live Productions, LLC ("AEG Productions"), Clive Davis, National Academy of Recording Arts & Sciences, Inc. ("the Record Academy"), Liza Minnelli, Lorna Luft, Joey Luft, Madison Square Garden Company ("MSG"), and Live Nation Entertainment, Inc. ("Live Nation") along the way. *See* Dkts. # 10, 22, 35.  In the Third Amended Complaint ("TAC"),

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3413 PSG (PLAx) | Date | October 29, 2018 |
|---|---|---|---|
| Title | Payne v. Manilow et al. | | |

which is the operative complaint for the purposes of this motion to dismiss, Plaintiff alleges the following causes of action:

> First Cause of Action: Copyright Infringement (against Manilow, Manilow Productions, Kief, Stiletto, the Trust, Minnelli, Lorna Luft, and Joey Luft). *TAC* ¶¶ 57–64.
>
> Second Cause of Action: Contributory and Vicarious Copyright Infringement (against AEG Live and AEG Productions). *Id.* ¶¶ 65–69.
>
> Third Cause of Action: Contributory and Vicarious Copyright Infringement (against Davis and the Record Academy). *Id.* ¶¶ 70–74.
>
> Fourth Cause of Action: Contributory and Vicarious Copyright Infringement (against MSG and Live Nation). *Id.* ¶¶ 75–79.
>
> Fifth Cause of Action: Declaratory Relief (against Kief, the Trust, Minnelli, Lorna Luft, and Joey Luft (collectively the "Trust Defendants")). *Id.* ¶¶ 80–85.
>
> Sixth Cause of Action: Injunctive Relief (against the Trust Defendants). *Id.* ¶¶ 86–91.
>
> Seventh Cause of Action: Slander of Title (against the Trust Defendants). *Id.* ¶¶ 92–100.

Defendants now move the Court to dismiss Plaintiff's complaint for lack of standing under Rule 12(b)(1) and failure to state a claim under Rule 12(b)(6). *See generally Mot.*

II.  Legal Standard

   A.  Standing

Federal courts have limited jurisdiction and therefore only possess power authorized by Article III of the United States Constitution and statutes enacted by Congress. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Thus, federal courts cannot consider claims for which they lack subject matter jurisdiction. *See Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992).

Federal Rule of Civil Procedure 12(b)(1) provides for a party, by motion, to assert the defense of "lack of subject-matter jurisdiction." The plaintiff bears the burden of establishing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3413 PSG (PLAx) | Date | October 29, 2018 |
|---|---|---|---|
| Title | Payne v. Manilow et al. | | |

that subject matter jurisdiction exists. *See United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010). If the Court finds that it lacks subject matter jurisdiction at any time, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).

A Rule 12(b)(1) jurisdictional attack may be facial or factual. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the challenging party asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Courts resolve a facial attack as it would a Rule 12(b)(6) motion: They accept the plaintiff's allegations as true and draw all reasonable inferences in the plaintiff's favor in order to determine whether the allegations are sufficient to invoke the court's jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *See Safe Air*, 373 F.3d at 1039. When a defendant raises a factual attack in a 12(b)(1) motion, the plaintiff "must support her jurisdictional allegations with 'competent proof,' under the same evidentiary standard that governs in the summary judgment context." *Leite*, 749 F.3d at 1121–22 (citations omitted).

B. Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff. *See Turner v. City and Cty. of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The court then determines whether the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

When deciding a Rule 12(b)(6) motion, a court may consider, in addition to the pleading, "documents incorporated into the complaint by reference, and matters of which a court may take

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3413 PSG (PLAx) | Date | October 29, 2018 |
|---|---|---|---|
| Title | Payne v. Manilow et al. | | |

judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n. 9 (9th Cir. 2012).

III. Discussion

    A.    Motion to Dismiss Under Rule 12(b)(1) for Lack of Subject Matter Jurisdiction

Defendants first argue that the Court should dismiss the case under Rule 12(b)(1) because Plaintiff does not own the copyrights at issue and therefore lacks standing to bring this suit. *Mot.* 3:4–6.

Section 501(b) of the 1976 Copyright Act states that the "legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the [registration requirement], to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b). The party asserting copyright infringement bears the burden of proving copyright ownership. *See Fleisher Studios, Inc. v. A.V.E.L.A., Inc.*, 654 F.3d 958, 962 (9th Cir. 2011) (citing *Litchfield v. Spielberg*, 736 F.2d 1352, 1355 (9th Cir. 1984)).

Lack of statutory standing (as opposed to constitutional standing), however, is properly raised as grounds for dismissal by way of a motion under Rule 12(b)(6) rather than Rule 12(b)(1). *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). Specifically in the context of the Copyright Act, the Ninth Circuit has held that a motion to dismiss on the basis that the plaintiff does not have an ownership interest in the copyright should be addressed under Rule 12(b)(6) for failure to state a claim rather than under Rule 12(b)(1) for lack of subject matter jurisdiction, "for the issue is statutory rather than Article III standing." *Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 795 F.3d 997, 1001 (9th Cir. 2015) (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127–28 (2014) and *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1172–73 (9th Cir. 2004)); *see also HyperQuest, Inc. v. N'Site Solutions, Inc.*, 632 F.3d 377, 381 (7th Cir. 2011); *Hybrid Promotions, LLC v. Zaslavsky*, No. CV 16-2227 RAO, 2016 WL 10988656, at *3 (C.D. Cal. Oct. 5, 2016); *Fahmy v. Jay-Z*, No. CV 07-5715 CAS (PJWx), 2016 WL 409644, at *2 (C.D. Cal. Feb. 1, 2016).

Although Defendants urge the Court—in a footnote in their reply brief—to treat "Payne's status as a non-owner of the copyrights [as] an Article III statutory standing issue," *Reply* 4 n.1, they do not present any support for why this Court should go against an explicit holding by the Ninth Circuit. Therefore, the Court considers Defendants' arguments as to the alleged lack of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3413 PSG (PLAx) | Date | October 29, 2018 |
|---|---|---|---|
| Title | Payne v. Manilow et al. | | |

standing under Rule 12(b)(6). As such, Defendants' motion to dismiss as under Rule 12(b)(1) is **DENIED**.

      B.      <u>Motion to Dismiss Under Rule 12(b)(6) for Failure to State a Claim</u>

Defendants raise a number of arguments for why Plaintiff's TAC should be dismissed under Rule 12(b)(6). First, Defendants argue that "judicially noticeable documents" show that Plaintiff is not the owner of the copyrights. *Mot.* 19:13–14. Second, Defendants contend that Plaintiff has not sufficiently pleaded the required unbroken chain of title. *Id.* 17:25–26. Third, Defendants claim that whatever copyright Plaintiff might own has been terminated by Garlands' heirs. *Id.* 19:21–23. Finially, Defendants object to specific allegations in the complaint on the basis that they were impermissibly made on information and belief. *Id.* 19:26–27.[1]

           i.      *Judicial Notice*

As a preliminary matter, the Court must address the fact that Defendants refer to various sources external to the TAC or introduce facts that are not contained within the TAC in their papers. Specifically, they refer to the set of exhibits that were submitted concurrently with the motion. If the Court were reviewing this motion under Rule 12(b)(1), it would have been proper for the Court to consider the exhibits to the extent they are admissible evidence. *See Leite*, 749 F.3d at 1121–22. However, because the Court reviews the motion under Rule 12(b)(6), it is restricted to considering materials that are part of the pleadings and matters that may be appropriately taken under judicial notice. *See Tellabs*, 551 U.S. at 322.

The Court may consider Defendants' exhibits (as well as Plaintiff's exhibits) only if the Court takes them under judicial notice. Otherwise, consideration of the material would require that Defendants' motion to dismiss be converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d) ("If, on the motion under Rule 12(b)(6) [. . . ,] matters outside the pleadings are presented to and *not excluded by the court*, the motion must be treated as one for summary judgment under Rule 56." (emphasis added)). The Court declines to do so here.

---

[1] Defendants also argue that their use of the Show's audio tracks is not copyright infringement because Plaintiff does not own the shows "audio-only tracks." *Mot.* 19:1–12. However, Plaintiff clarifies in his opposing papers that he is not alleging that the use of the audio tracks alone is a copyright violation and that he is instead alleging infringing use of the audiovisual clips of the show. *Opp.* 23:12–23. Therefore, the Court finds this argument to be moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3413 PSG (PLAx) | Date | October 29, 2018 |
|---|---|---|---|
| Title | Payne v. Manilow et al. | | |

Defendants have not formally submitted a Request for Judicial Notice for these exhibits, but they consistently refer to them as "judicially noticeable" in their briefs. *See Mot.* 19:13–25; *Reply* 4:15–18. Therefore, the Court construes those references as requests for the Court to take judicial notice of the exhibits.

A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Defendants' exhibits can largely be put into two categories: First, there are the printouts of public records such as copyright registrations, assignments, and a notice of termination that were taken from the U.S. Copyright Office online portal. *See e.g.*, *Declaration of Leon D. Bass*, Dkt. # 31-2 ("*Bass Decl.*"), Ex. A-1 (copy of a printout showing the Judy Garland Show copyrights registration information extracted from the U.S. Copyright Office). Second, there are the various declarations, deposition transcripts, affidavits, answers to interrogatories, and exhibits that were filed or introduced into evidence in prior state and federal court proceedings involving the Show's copyrights as well as the probate proceedings for Garland's estate. *See, e.g.*, *id.* Ex. A-6 (copy of exhibit filed into evidence in a New York court proceeding).

As for the first category of exhibits, Courts routinely take judicial notice of public records. *See, e.g.*, *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). This includes printouts of records from the Copyright Office's webpage. *See ATPAC, Inc. v. Aptitude Solutions, Inc.*, No. CIV. 2:10294 WBS KJM, 2010 WL 1779901, at *3 (E.D. Cal. Apr. 29, 2010) (taking judicial notice of a copy of the Copyright Office's webpage "because the record is generated by an official government website such that its accuracy is not reasonably in dispute"); *cf. United States ex rel. Modglin v. DJO Global Inc.*, 48 F. Supp. 3d 1362, 1381–82 (C.D. Cal. 2014) ("Under Rule 201, the court can take judicial notice of public records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies." (internal quotation marks omitted)). Therefore, the Court finds it appropriate to take judicial notice of the exhibits that refer to public records from the United States Copyright Office and the New York Secretary of State.

The second category of exhibits, however, does not necessarily warrant judicial notice. Courts are permitted to take judicial notice of court records and judicial proceedings under some circumstances, such as to establish the fact of filing. *See Jergens v. Ohio Dept. of Rehab. and Corr. Adult Parole Auth.*, 492 F. App'x 567, 569 (6th Cir. 2012). However, courts may not take

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3413 PSG (PLAx) | Date | October 29, 2018 |
|---|---|---|---|
| Title | Payne v. Manilow et al. | | |

judicial notice of court records in order to "discern the truth of the facts asserted within that filing." *Id.*; *see also United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 974–75 (E.D. Cal. 2004). Here, Defendants appear to rely on the contents of the various past court filings to support their arguments. Therefore, the Court declines to take judicial notice of those exhibits.

    *ii.*    *Ownership*

In order to present a prima facie case of direct copyright infringement, the plaintiff must satisfy two requirements: (1) ownership of the allegedly infringed material and (2) that the alleged infringers violate at least one of the exclusive rights granted to copyright holders under 17 U.S.C. § 106. *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). Defendants first argue that the Court should reject Plaintiff's allegation that he owns the copyrights to the Show because "judicially noticeable documents show that the allegation is false." *Mot.* 19:17–18. Specifically, they point to the fact that registrations recorded at the Copyright Office do not list Plaintiff as the claimant of any of the Show's copyrights, but instead identify Luft or Kingsrow as the claimant. *See Mot.* 19:18–21; *Bass Decl.* Ex. A-1.

Although a copyright certificate from the U.S. Register of Copyrights "constitute[s] prima facie evidence of the validity of the copyright," 17 U.S.C. § 410(c), it is only a rebuttable presumption and "does not definitively resolve the ownership issue." *In re Napster, Inc. Copyright Litig.*, 191 F. Supp. 2d 1087, 1096 (N.D. Cal. 2002).

Moreover, courts have found that, under the "short and plain statement" standard of Rule 8(a), Plaintiff's "mere allegation of ownership is sufficient to defeat a motion to dismiss" under Rule 12(b)(6). *Hybrid Promotions*, 2016 WL 10988656, at *8 (collecting cases); 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1237 (3d ed. 2018) ("Complaints simply alleging present ownership by the plaintiff, registration in compliance with the applicable statute, and infringement by the defendant, have been held sufficient under the rules."). Here, Plaintiff alleges that he is "the sole and exclusive owner" of the Show's copyrights, *TAC* ¶ 1, and the fact that the registrations recorded at the Copyright Office do not list him as a claimant is not definitive evidence that this allegation is false.

    *iii.*    *Chain of Title*

As Plaintiff admittedly is not the original owner of the copyrights, *see id.* ¶ 33, he must be able to demonstrate an unbroken chain of title showing transfer of ownership from the original owner to Plaintiff to prevail on his claim. *See Fleischer Studios*, 654 F.3d at 963; *Jim Marshall*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3413 PSG (PLAx) | Date | October 29, 2018 |
|---|---|---|---|
| Title | Payne v. Manilow et al. | | |

*Photography, LLC v. John Varvatos of Cal.*, No. C-11-06702 DMR, 2013 WL 3339048, at *8 (N.D. Cal. June 28, 2013). Defendants claim that the complaint fails to sufficiently plead this unbroken chain of title. *Mot.* 17:24–25.

Courts have held that "[t]o the extent defendants argue that plaintiff failed to allege an unbroken chain of title to the rights at issue, it is unnecessary for the complaint to include such detailed factual recitation." *Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, 206 F. Supp. 3d 869, 894 (S.D.N.Y. Sept. 12, 2016) (citing *U2 Home Entm't, Inc. v. Kylin TV, Inc.*, 20007 WL 2028108, at *7 (E.D.N.Y. July 11, 2007)). Even so, Plaintiff's complaint includes detailed allegations about the chain of title—he alleges that Garland assigned her interest in Kingsrow and the copyrights to the Show to Luft, and that the copyrights were later passed on to Luft's company Celebrity Music, to Plaintiff's company Classic World, and finally to Plaintiff. *TAC* ¶¶ 33–48. At a later stage in this litigation, Plaintiff will bear the burden of proving these allegations of chain of title, but at this stage Defendants fail to make a necessary showing to justify dismissal of the complaint. *See U2 Home*, at *7.

Defendants attack the chain of title to the copyrights on several fronts. First, they claim that Luft never owned the copyrights to the show. *Mot.* 6:1–2; 7:1–4. They refer to a letter agreement dated April 1, 1968 between Garland and Luft ("the 1968 letter") that purportedly transfers ownership of the stock in Kingsrow to Sid Luft and contend that this document is a forgery. *Id.* 7:4–8:22. And even if the 1968 letter agreement was valid, Defendants argue that it should be interpreted as merely a lien that was never foreclosed upon in accordance with New York law at the time. *Id.* 8:23–11:9. Further, assuming that Luft owned the Kingsrow stocks, Defendants claim that he gifted 75% of the shares to his children, and therefore did not have authority to unilaterally transfer or sell the copyrights held by Kingsrow to himself. *Id.* 12:8–13:23.

Yet these arguments, however persuasive they may be, all rely on the veracity of matters asserted in previous court filings. As discussed above, the Court has declined to take judicial notice of those filings and therefore cannot consider the evidence without turning Defendants' motion into a motion for summary judgment. Therefore, the Court cannot dismiss the complaint based on these assertions.

Second, Defendants argue that the chain of title is defective because Plaintiff cannot prove that Luft transferred the copyrights to his company Celebrity Music. *Id.* 14:20–18. Defendants direct the Court to the fact that there are no records at the Copyright Office showing this transfer and that Plaintiff did not identify in his complaint any document or other evidence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3413 PSG (PLAx) | Date | October 29, 2018 |
|---|---|---|---|
| Title | Payne v. Manilow et al. | | |

showing that the transfer occurred. *Id.* Again, this argument is not enough to defeat the complaint at a motion to dismiss stage. The lack of records at the Copyright Office is not *definitive* evidence of a lack of transfer, and Plaintiff's specific allegation that Luft and Kingsrow transferred all of their interests in the Show's copyright to Celebrity Music on July 1, 1997 is sufficient at the pleading stage. *See TAC* ¶ 36.

Lastly, Defendants contend that Classic World could not have transferred the copyrights to Plaintiff, because at the time the purported transfer happened, Classic World had already dissolved. *Mot.* 14:9–19. Plaintiff responds that the transfer happened during Classic World's bankruptcy proceedings following the dissolution of the company and that under the law of Illinois, which is where Classic World was incorporated, dissolved companies could still wind up and liquidate their businesses. *Opp.* 19:12–20:4. Defendants have not responded to this explanation in their reply brief. Arguments to which no response is supplied are deemed conceded. *See, e.g.*, *Tapia v. Wells Fargo Bank, N.A.*, No. CV 15-03922 DDP (AJWX), 2015 WL 4650066, at *2 (C.D. Cal. Aug. 4, 2015); *Silva v. U.S. Bancorp*, No. 5:10-cv-01854-JHN-PJWx, 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6, 2011). Therefore, the Court finds that Defendants have conceded that there is no defect in the chain of title with respect to Classic World's transfer of the copyrights to Plaintiff.

In conclusion, the Court finds that the complaint sufficiently alleges the chain of title of the Show's copyright from the original owner to Plaintiff.

        iv.     *Notice of Termination*

Even if Plaintiff can establish the chain of title from Garland to himself, Defendants argue that Plaintiff cannot plausibly allege that he owns the Show's copyrights because Garland's heirs sent a Notice of Termination that revoked any copyrights acquired by Plaintiff effective June 1, 2018. *Mot.* 15:1–2. Plaintiff claims that the Notice of Termination was ineffective for failing to meet the statutory requirements. *Opp.* 20:5–21:20.

Section 203 of the Copyright Act allows authors or their surviving relatives to terminate a transfer provided that certain requirements are met. The statute states, in relevant part:

> In the case of any work other than a work made for hire, the exclusive or nonexclusive grant of a transfer or license of copyright or of any right under a copyright, executed by the author on or after January 1, 1978, otherwise than by will, is subject to termination . . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3413 PSG (PLAx) | Date | October 29, 2018 |
|---|---|---|---|
| Title | Payne v. Manilow et al. | | |

17 U.S.C. § 203(a). Plaintiff alleges in his complaint and argues in his opposition that the notice of termination is invalid because the Show was a "work made for hire," which is exempt from termination. *TAC* ¶ 56; *Opp.* 21:5–17.

A copyrighted work comes within the work for hire doctrine if it consists of either (1) a work prepared by an employee within the scope of her employment or (2) work prepared by an independent contractor on special order or commission. *See* 17 USC § 101. Relying on *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146 (9th Cir. 2010), Defendants contend that the fact that "Garland's wholly owned and wholly controlled company authored the Show indicates that there was no work made for hire agreement." In *Jules Jordan*, the Ninth Circuit held that the infringed work was not a "work for hire" because the purported employee was "the sole officer, director, and shareholder of [the employing entity], exercised complete control over it, and made all decisions concerning [the entity] and production of the films." 617 F.3d at 1156. Here, although the complaint alleges Kingsrow was a "wholly owned company" of Garland, it lacks any further factual allegations surrounding the extent to which Garland had control over the company. Without more factual development, the Court is not prepared to rule that the show was not a "work for hire," that the Termination Notice is valid, and that Plaintiff's copyright infringement claim fails as a matter of law.

The lack of factual allegations regarding the relationship between Garland and the Company cuts the other way as well. Plaintiff asserts in his complaint without any factual support that the Show is a work made for hire, and therefore is not subject to a Notice of Termination. As discussed above, "mere conclusory statements" are not enough to state a plausible claim. *Iqbal*, 556 U.S. at 578.

Moreover, Plaintiff's allegation in his complaint that the Show's copyrights are not subject to the Termination Notice because "the Show was produced prior to 1978" misstates the law. *TAC* ¶ 56. Whether an author's grant of copyright is subject to § 203(a) is dependent on the date of the grant, not on when the work was produced. *See* 17 U.S.C. §203(a).

In conclusion, because the Court finds that Plaintiff's complaint has failed to sufficiently allege that the Termination Notice is defective, the Court **GRANTS** Defendants' motion to dismiss under 12(b)(6).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3413 PSG (PLAx) | Date | October 29, 2018 |
|---|---|---|---|
| Title | Payne v. Manilow et al. | | |

    *v.*    *Impermissible Reliance on Information and Belief*

Because the Court also grants leave to amend, *see infra*, it will address the rest of Defendants' arguments regarding the defects in Plaintiff's complaint.

    *a.*    *Existence of Manilow Productions*

Defendants argue that Plaintiff impermissibly relies on an allegation made on information and belief to plead that Manilow Productions "is a business entity of unknown form doing business in the State of California that is owned, in whole or in part, by defendant Manilow." *TAC* ¶ 17. In support, Defendants point out that a search of the California Secretary of State's website reveals that Barry Manilow Productions is not a real entity.[2] *Mot.* 20:14–20.

Plaintiff contends that the identity of Manilow Productions is alleged on information and belief "precisely because [it] is not listed in the search function of the California Secretary of State's website." *Opp.* 24:24–26. He claims that the company could be incorporated in another state or be a dba of another corporate entity. *Id.* 24:26–25:1. To this, Defendants contend that at a minimum Plaintiff should be able to identify the correct defendants in the complaint. The Court agrees.

Because Plaintiff has not identified the factual basis for his allegations on information and belief as to the existence of Manilow Productions, and California's Secretary of State's website fails to show that there is any entity by that name doing business in the State of California, the Court **GRANTS** the motion to dismiss all claims against it.

    *b.*    *Acts of Infringement*

Defendants argue that the Court should not credit Plaintiff's allegations that Defendants used allegedly copyright protected material in violation of his rights because they are based only "on information and belief." *Mot.* 20:21–23. However, Rule 11 specifically permits such a pleading as long as there is a likelihood the allegation will have evidentiary support after a reasonable opportunity for further investigation or discovery. Fed. R. Civ. P. 11(b)(3). While the Court agrees with Defendants that many of these allegations regarding acts of infringement are not based on facts that are "peculiarly within the possession and control of the defendant,"

---

[2] As discussed above, the Court finds it appropriate to take judicial notice of information on the California Secretary of State's website.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3413 PSG (PLAx) | Date | October 29, 2018 |
|---|---|---|---|
| Title | Payne v. Manilow et al. | | |

*Soo Park v. Thompson*, 851 F.3d 910, 928–29 (9th Cir. 2017), this seems to be more of an issue of form versus substance.

Despite the fact that every allegation in the complaint starts with the phrase "Plaintiff is informed and believes," the content of those allegations is sufficiently specific for this stage. For example, the complaint alleges that, in 2014, Defendants created a promotional video for his album titled "My Dream Duets" that included audio-video clips of the show and made it available through his official website. *TAC* ¶ 49. It specifically identifies which copyrighted recordings were used in those videos. *Id.* Further, the complaint alleges that Defendants incorporated elements of the Show into live performances by Manilow during concerts performed in the United States by "displaying either projections or digital replications of the [Show] on a large screen that the audience could view Judy Garland's performance and listen to the synced sound recording of said performance while Manilow performed live on stage[.]" *Id.* ¶¶ 51–52. Plaintiff alleges that Defendants infringed the copyright this way on 58 separate occasions, *id.* ¶ 53, and is also able to identify specific instances of infringement with detail—for example, the complaint alleges that Manilow performed the "duet" at the pre-awards party of the Grammy Awards on February 14, 2016, *id.* ¶ 54.

Therefore, the Court finds that Plaintiff's complaint sufficiently alleges that Defendants violated the Show's copyright.

    *c.*   *Harm from Slander of Title*

Lastly, Defendants allege that it is insufficient for Plaintiff to allege on information and belief that he "suffer[ed] immediate and direct financial harm" and that Defendants' filing of the Termination Notice "was a substantial factor in causing his harm" in support of his slander of title claim. *Mot.* 20:24–26. As discussed above, the Court does not see that the use of "information and belief" is fatal to the slander of title claim.

IV.   <u>Leave to Amend</u>

Whether to grant leave to amend rests in the sound discretion of the trial court. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). The Court considers whether leave to amend would cause undue delay or prejudice to the opposing party, and whether granting leave to amend would be futile. *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Generally, dismissal without leave to amend is improper "unless it is clear that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3413 PSG (PLAx) | Date | October 29, 2018 |
|---|---|---|---|
| Title | Payne v. Manilow et al. | | |

the complaint could not be saved by any amendment." *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

Here, the Court concludes that Plaintiff's complaint could be cured by additional amendments to the pleading. Accordingly, the Court **GRANTS** Plaintiff leave to amend. Plaintiff must file any amended complaint no later than **December 3, 2018**. Failure to file an amended complaint by that date will result in dismissal of this action with prejudice.

V.      Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss under Rule 12(b)(6). The Court also **GRANTS** Plaintiff leave to amend. Plaintiff is **ORDERED** to file any amended complaint by **December 3, 2018**.

**IT IS SO ORDERED.**